UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN RAMOS,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

19-CV-1718 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 405(g) seeking judicial review with respect to her application for Social Security benefits. By order dated March 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff uses the Court's complaint form for actions brought under 42 U.S.C. § 405(g) by self-represented litigants, but she fails to provide relevant information. She states that on January 26, 2017, an administrative law judge (ALJ) issued a decision on her claim for Social Security benefits, and that on the same date she appealed that decision to the Appeals Council. She also indicates that she received the Notice of Appeals Council Action (the "Notice"), but she does not state when she received it. She also does not attach a copy of the Notice to her complaint.

## DISCUSSION

The Social Security Act requires that a complaint challenging a final decision of the Commissioner be filed within 60 days of the claimant's receipt of the Notice. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210. The 60-day statute of limitation period begins when an individual receives the Notice, and that date is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). The Commissioner has the power to extend the 60-day limitations period on a showing of "good cause." 20 C.F.R. §§ 416.1482, 416.1411.

The failure to comply with the statute of limitations is an affirmative defense subject to waiver and equitable tolling. For example, the time to file may be tolled where the litigant pursued her rights diligently and extraordinary circumstances prevented her from filing in a timely manner. *See Torres v. Barnhart*, 417 F.3d 276, 281 (2d Cir. 2005); *see also Groves v. Comm'r of Soc. Sec.*, No. 12-CV-904 (GLS) (RFT), 2014 WL 5475292, at *4 (N.D.N.Y. Oct. 29, 2014) ("[G]arden variety neglect or miscalculation . . . do not justify tolling of the limitations period.").

Plaintiff asserts that she received the Notice, but she does not indicate whether she filed this action within 60 days of receiving it. The Court therefore grants Plaintiff leave to file an

amended complaint to make a reasonable showing that she filed the original complaint within 60 days of receiving the Notice. If she did not file it within 60 days, she is also granted leave to state facts indicating that she pursued her rights diligently and extraordinary circumstances prevented her from filing in a timely manner.

## LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint. Using the complaint form for actions brought under 42 U.S.C. § 405(g), **and any additional papers she requires**, Plaintiff must:

a) provide the date of the ALJ's decision;
b) provide the date of the Notice of Appeals Council Action;
c) provide the date she received the Notice; and
d) **attach a copy of the Notice to her amended complaint**.

If Plaintiff did not file her complaint here within 60 days of receiving the Notice, she must include facts explaining why she failed to do so. If Plaintiff needs assistance with this matter, she may contact the **NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York**, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in the Southern District of New York. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's *Pro Se* Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-

3

1718 (CM). An Amended Social Security Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will dismiss this action without prejudice.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 2, 2019
        New York, New York

                                                  COLLEEN McMAHON
                                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write your full name.

_____CV_____
Include case number only if one has been assigned.

-against-

COMMISSIONER OF SOCIAL SECURITY

**AMENDED**

# COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

The plaintiff respectfully alleges:

1. This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security.

2. This case is properly brought in the Southern District of New York because the plaintiff is a resident of the county of _____ and the State of _____

   **or** (optional)

   has a principal place of business in the county of _____ and the State of _____

3. The plaintiff's social security number is _____

4. The defendant is the Commissioner of the Social Security Administration and has full power and responsibility over Social Security and Supplemental Security Income benefit determinations under the Social Security Act.

5. The Social Security Administration issued an unfavorable decision regarding the plaintiff's application for, or eligibility to receive, benefits under Title XVI of the Social

Security Act (SSI - Supplemental Security Income) or Title II of the Social Security Act (Disability Insurance, Retirement, or Survivors benefits).

6. The plaintiff requested a hearing before an Administrative Law Judge, a hearing was held, and the Administrative Law Judge issued a decision denying the plaintiff's claim, by decision dated (date of Administrative Law Judge decision) _____

7. The plaintiff requested a review, and the Appeals Council denied the plaintiff's request, or otherwise issued an unfavorable decision, on (date of Appeals Council letter) _____, making the Administrative Law Judge's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g) or § 1383(c)(3).

8. The plaintiff received the letter from the Appeals Council on (date of receipt of letter) _____

---

**IMPORTANT**

**Please attach a copy of the Appeals Council's letter to this complaint.**

You may file this complaint even if you do not have the Appeals Council letter or cannot answer all of the questions, but you may be required later to provide the missing information.

---

9. The Commissioner's decision was not supported by substantial evidence in the record, or was based on legal error.

WHEREFORE, the plaintiff respectfully requests that the Court:

a) direct the defendant to appear before the Court;

b) order the defendant to submit a certified copy of the administrative record, including the evidence upon which the findings and decisions complained of are based;

c) upon such record, modify or reverse the decision of the defendant and grant the plaintiff maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act; and

d) grant such other relief as may be just and proper.

PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

You must sign and date the complaint. Attach additional pages if necessary. You must also either pay the filing fee or submit an application to proceed without prepayment of fees.

| Dated | Plaintiff's Signature |
|---|---|
| First Name    Middle Initial | Last Name |

Plaintiff's Address

| County, City | State | Zip Code |
|---|---|---|
| Telephone Number | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No
   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| _____ | _____ | _____ | _____ |
| Address | City | State | Zip Code |

_____
Telephone Number                                    E-mail Address

_____
Date                                                              Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



**President**
Carol A. Sigmond

**President-Elect**
Michael J. McNamara

**Vice President**
Stephen C. Lessard

**Secretary**
Megan P. Davis

**Treasurer**
Vincent T. Chang

**Immediate Past President**
Lewis F. Tesser

September 15, 2016

**Notice to all plaintiffs who have <u>Social Security cases</u> and <u>SSI</u> cases:**

You have started a lawsuit in federal court against the Social Security Administration. <u>If you cannot afford a lawyer, you may qualify for free legal representation.</u>

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. We have a program which provides lawyers in Social Security and SSI cases in federal court.

<u>The program is free</u>. The lawyers in our program are well-trained in Social Security law and have the resources that they need to represent you capably and zealously.

If you would like to consult with one of our lawyers, please call Carolyn A. Kubitschek, at 212-349-0900, or email Lois Davis, ldavis@nycla.org. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation.

Sincerely,

*Carol A. Sigmond*

Carol A. Sigmond
President
New York County Lawyers Association



# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to non-incarcerated individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;

- Provide legal advice in response to questions that come up at any stage of litigation;

- Assist in getting additional information and/or research about the legal issue in your case;

- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;

- Assist with motions, discovery, and strategy;

- Assist with getting ready for depositions, pretrial conferences, mediations and court appearances;

- Provide forms and instruction manuals;

- In appropriate cases, help you retain pro bono counsel; and

- In appropriate cases, provide referrals to other agencies and organizations that provide

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if you have consulted with Clinic staff, unless you retain other counsel and that counsel enters a notice of appearance you remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located on the second floor of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;

- Assist corporations or partnerships (as opposed to individuals);

- Assist with federal civil cases by or against individuals who are currently incarcerated;

- Assist with state court cases, or federal appeals, or bankruptcy court cases, or criminal cases;

- Pay any of the costs associated with filing or defending a law suit in federal court;

- Appear on your behalf in court or out-of-court;

- Write court documents for you;

- Conduct an investigation into the facts of your case; or

- Negotiate with your opponent or your opponent's lawyer.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;

- Your legal problem is beyond the scope of matters handled by the clinic;

- Providing assistance would conflict with the New York Rules of Professional Conduct; or

- Your income and/or assets are high enough to allow you to retain private counsel.



**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Centre Street | New York, NY 10007 | (212) 659 6190
**White Plains:** The Hon. Charles L. Brieant Jr. Federal Building and Courthouse | 300 Quarropas St | White Plains, NY 10061 | (212) 659 6190