UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
CARMEN RAMOS,

                        Plaintiff,

      -against-

                                          MEMORANDUM DECISION
KILOLO KIZAKAZI,                            AND ORDER
*Commissioner of Social Security,*

                                          19 Civ. 1718 (GBD) (JLC)

                        Defendant.
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Pro se Plaintiff Carmen Ross brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for the review of a determination by the Commissioner of Social Security that she does not qualify for disability insurance benefits. (Compl., ECF No. 2.) Plaintiff filed her complaint on April 11, 2019. The Commissioner moved to dismiss the complaint as untimely. (ECF No. 16.) Before this Court is Magistrate Judge James L. Cott's January 27, 2020 Report and Recommendation, ("Report," ECF No. 24), recommending that the Commissioner's motion be granted. Plaintiff failed to file any proper objections. (*See* Pl.'s Letter, ECF No 25.)[1]

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462

---

[1] Plaintiff merely filed a letter attaching a note from her apparent doctor regarding her diagnosis. However, there were no letters or formal objections filed in response to the Report recommending dismissal of her complaint on grounds that it was not timely filed.

F.3d 55, 72 (2d Cir. 2006) (citation omitted). Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full and dismisses Plaintiff's complaint as untimely.

Magistrate Judge Cott did not commit a clear when he found that Plaintiff's "[c]omplaint should be deemed untimely." (Report at 9.) A petitioner has "60 days" to file a complaint after the Appeal's Council notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual." 20 C.F.R. § 422.210(c). A court is to presume there was receipt "5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.* On December 15, 2017, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision denying her disability benefits. (Report at 2.) On the same day, notice of the denial was sent to Plaintiff at her last known address, with her attorney copied. (*Id.*) The notice informed Plaintiff of her statutory 60-day deadline to file a federal civil complaint. (*Id.*) Plaintiff, however, did not file her complaint for over a year, on February 22, 2019. (Compl.). While Plaintiff posits that she never received the notice, her attorney did. (Report at 8-9.) Unfortunately, "clients are bound by the action—or, in this case, the inaction—of their attorneys when they act in their representative capacities." (*Id.* at 9 (citing *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 271 (2d Cir. 1999)).) This demonstrates that Ramos failed to rebut the timely receipt of notice. Therefore, her complaint is untimely.

Magistrate Judge Cott also correctly declined to rule that Plaintiff is entitled to equitable tolling of the statute of limitations. (Report at 13.) The Court understands that Plaintiff experienced a tremendous hardship in attempting to care for her elderly mother in the wake of Hurricane Maria, and settling her mother's affairs after she passed away. It is reasonable to understand that such trauma resulted in temporary mental "illness, including depression." (Report

at 12.) However, Magistrate Judge Cott did not err in finding that this did not give rise to equitable tolling given that the Hurricane occurred in September 2017 and Plaintiff did not demonstrate that she was incapacitated. (Report at 12-13.)

Thus, Magistrate Judge Cott's Report and Recommendation is ADOPTED IN FULL. The Commissioner's motion to dismiss is GRANTED. Plaintiff's complaint is dismissed as untimely filed. The Clerk of Court is directed to terminate the motions, (ECF No. 16), and close the case.

Dated: New York, New York
       March 30, 2022

                                        SO ORDERED.

                                        *George B. Daniels* (signature)

                                        GEORGE B. DANIELS
                                        United States District Judge